# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **KEVIN PARSLEY**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00557 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SWVRJA, ET AL.**, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |
| | ) | |

*Kevin Parsley, Pro Se Plaintiff.*

The plaintiff, Kevin Parsley, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that jail officials exposed him to unconstitutional living conditions and provided him insufficient access to legal materials. After review of Parsley's submissions, I conclude that this action must be summarily dismissed.

Parsley is confined at the Duffield jail facility operated by the Southwest Virginia Regional Jail Authority ("SWVRJA"). He alleges that the menu of foods served to him at the SWVRJA jail does not provide him with enough vitamins because meals rarely include fruit and include cookies far too often. Parsley states his belief that the omission of fruit is intentional — to prevent inmates from using fruit to make alcohol. When Parsley filed grievances about the lack of fruit, jail

officials advised him that the jail's menus are planned to "meet the dietary allowances as stated in the Recommended Dietary Allowances (RDA), National Academy of Sciences." Compl. Attach. 2, ECF No. 1-1.

Parsley also complains that SWVRJA policy hampers his ability to do legal research. Law library sessions are only thirty minutes long, once per week. The library has no paper law books and only one "Blacks Law Book for the whole jail." Compl. 5, ECF No. 1. Inmates have no access to the "Prisoners Self Help Litigation Manual & The Jail House Lawyers Manual." *Id.* Parsley finds it difficult to conduct research because the library has no work area, and he must write everything down by hand. He alleges that the jail charges inmates for copies and postage, and although "they get a grant to cover the cost, they double bill"! *Id.*

As defendants to these § 1983 claims, Parsley names SWVRJA and B. Parks. He seeks monetary relief for the alleged violations of his constitutional rights.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements — that the deprivation of a basic human need was *objectively* sufficiently serious, and that *subjectively* the officials acted with a sufficiently culpable state of mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis added).[1]

> [T]o demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions, . . . or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions.

*Id.*

Parsley's allegations fail to meet either of the two required showings for an Eighth Amendment claim about the jail menus. He has not alleged that his diet at the jail has caused him any serious physical or emotional harm or demonstrated a "substantial risk of such serious harm" from the food in the future. *Id.* He also has not stated facts from which any jail official could be on notice that the jail meals put Parsley and other inmates at risk of serious harm. Moreover, Parsley's own exhibits indicate that jail officials try to serve meals that meet inmates' daily nutritional

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

needs.  For these reasons, I conclude that Parsley fails to state any constitutional claim concerning his jail meals.

Parsley's claim about legal materials is also factually deficient.  Inmates have a constitutional right to reasonable access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Bounds v. Smith*, 430 U.S. 817. 838 (1977).  They do not have a freestanding constitutional right to a law library that contains certain resources, however.  *Lewis,* 518 U.S. at 351.  To plead a claim that he has been denied access to the courts, a plaintiff must identify, with specificity, a non-frivolous legal claim that the defendants' policies or actions have prevented him from litigating.  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 353 n.3.  If a plaintiff fails to make specific allegations as to an actual injury sustained, the court may appropriately dismiss his access-to-courts claim summarily. *See Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding sua sponte dismissal appropriate where plaintiff did not explain how he was injured by any limitations on his access to legal materials).

Parsley does not mention any court case or pleading for which he has a need to do legal research.  He also does not describe any specific legal claim that he wishes to pursue.  Because he does not demonstrate that he has a nonfrivolous legal claim that has been harmed by the alleged lack of access to legal materials at the jail,

Parsley's complaint fails to state any constitutional deprivation actionable under § 1983.

Finally, although Parsley names B. Parks as a defendant, he does not describe any action that Parks has taken to violate his constitutional rights. "'Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.'" *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019) (quoting *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)).

For the stated reasons, I will summarily dismiss this action under § 1915A(b)(1) without prejudice for failure to state a § 1983 claim upon which relief can be granted. Dismissal of the case without prejudice leaves Parsley free to refile his claims in a new and separate civil action if he can overcome the noted deficiencies.

A separate Order will be entered herewith.

DATED: October 16, 2019

/s/ *James P. Jones*
United States District Judge